# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50926
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James Dale Bradford,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CR-76-1

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant James Dale Bradford pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C). The district court sentenced him to 240 months of imprisonment and three years of supervised release. We affirm.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50926

Bradford asserts that his sentence is substantively unreasonable. He contends that the district court should have granted a downward variance because he was sentenced under the guideline for actual methamphetamine instead of methamphetamine mixture. Bradford contends that the disparate guidelines for methamphetamine mixture and actual methamphetamine do not track relative culpability and are not based on empirical evidence. Bradford's claim is based on the U.S. Supreme Court's decision in *Kimbrough v. United States*, which held that the disparity between the guidelines ranges for crack and powder cocaine offenses resulted in an excessive sentence. 552 U.S. 85, 109–10 (2007). The Court reasoned that the crack cocaine guideline did not reflect the Sentencing Commission's ordinary methods of relying on empirical evidence and national experience. *Id.*

We review a challenge to the substantive reasonableness of a sentence for abuse of discretion. *United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2014). Sentences within or below the guidelines range are presumed to be reasonable, and *Kimbrough* does not disturb that presumption. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015); *United States v. Lara*, 23 F.4th 459, 485 (5th Cir. 2022), *cert. denied*, 142 S. Ct. 2790 (2022). "The district court is better situated to weigh the Guidelines' policy considerations as applied to a particular defendant, and [this court's] deference to the exercise of that discretion, backed up by the Commission's deliberations, is proper." *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009).

The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United*

No. 22-50926

*States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Bradford has not made such a showing. The district court did not abuse its discretion.

AFFIRMED.